UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>    Plaintiff,<br><br>v.<br><br>LEGISLATION OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:23-cv-1861 KJM AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county jail inmate proceeding pro se. ECF No. 1. He seeks relief pursuant to 42 U.S.C. § 1983 and other federal law. Id. at 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff has neither paid the filing fee nor submitted an application to proceed in forma pauperis. The undersigned will not direct plaintiff to submit an IFP application because, for the reasons stated below, plaintiff qualifies as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g). Accordingly, it will be recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

I.     THREE STRIKES RULE: 28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

>           facility, brought an action or appeal in a court of the United States
>           that was dismissed on the grounds that it is frivolous, malicious, or
>           fails to state a claim upon which relief may be granted, unless the
>           prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger

exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II.  PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by plaintiff qualify as strikes under Section 1915(g).  The court takes judicial notice of the following lawsuits[1] previously filed by plaintiff and disposed of prior to the filing of the instant complaint in August 2023.

- Khademi v. Vanderwende, No. 2:18-cv-2798 TLN AC (E.D. Cal. Sept. 17, 2019) (dismissed for failure to state a claim);
- Khademi v. Superior Court of the State of California for the County of Placer, No. 2:19-cv-1494 KJM DMC (E.D. Cal. Oct. 16, 2020) (dismissed for failure to state a claim);
- Khademi v. Jimmanz, No. 1:21-cv-1394 DAD SAB (E.D. Cal. Apr. 1, 2022) (dismissed for failure to state a claim, failure to comply with court order, failure to prosecute); and
- Khademi v. Los Rios Community District College, No. 2:23-cv-0260 TLN AC (E.D. Cal. June 14, 2023) (dismissed as time-barred).[2]

Each of these cases was dismissed before the instant action was filed and none of the strikes have been overturned.  Therefore, the undersigned finds that plaintiff is precluded from proceeding in forma pauperis unless he was "under imminent danger of serious physical injury" at the time he filed the complaint.  See 28 U.S.C. § 1915(g).

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See, e.g., Belanus v. Clark, 796 F.3d 1021, 1024, 1030 (9th Cir. 2015) (counting dismissal as a strike where claims were time-barred).

### III. IMMINENT DANGER

The complaint contains no claim that petitioner was under imminent danger of serious physical harm or injury in August 2023, when the complaint was filed. The complaint alleges that various state and federal governmental entities have contributed to general environmental degradation, failed to address trash problems related to encampments of unhoused persons in Sacramento, and are responsible for carbon emissions and greenhouse gasses. ECF No. 1 at 3-4. Plaintiff also appears to challenge immigration policies. Id. at 5. Although the complaint may be liberally construed to allege general threats to the public health, plaintiff's allegations of personal harm are entirely conclusory and/or speculative. See Andrews, 493 F.3d at 1057 n.11 (conclusory or speculative assertions of imminent danger are insufficient to support the imminent danger exception); see also Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (conclusory assertions are insufficient); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) (same). Accordingly, plaintiff does not qualify for an exception to the Section 1915(g) bar.

### IV. CONCLUSION

For the reasons explained above, plaintiff is a three strikes litigant who has not met his burden of establishing that he is in imminent danger of serious physical harm. See 28 U.S.C. § 1915(g). Accordingly, plaintiff does not qualify for in forma pauperis status and he will not be directed to file an application to proceed in forma pauperis. Instead, it will be recommended that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action in light of his status as a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

////

////

4

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 20, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE